## STONER v. COMMISSIONER OF INTERNAL REVENUE.*

### No. 5560.

Circuit Court of Appeals, Third Circuit.

July 31, 1935.

* Writ of certiorari denied 56 S. Ct. 309, 80 L. Ed. —.

H. V. Blaxter, J. Henry O'Neill, and J. Garfield Houston, all of Pittsburgh, Pa., for petitioner.

Frank J. Wideman, Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to the Atty. Gen., for respondent.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

On April 3, 1929, the taxpayer, Blaine L. Stoner, entered into an agreement, which he executed, on behalf of the stockholders of the Suburban Water Company, whereby the stock of the company was to be sold on terms for the sum of $1,250,000. The agreement provided, among its several terms: "To insure the fulfillment of the Seller's obligations created in the next preceding subparagraph hereof, Seller agrees to deduct from the amount of the purchase price payable hereunder a sum which shall not be less than $50,000, and to deposit said sum in a bank of the Seller's selection, which sum shall be designated and deposited as 'Suburban Water Company Indemnity Account', or by some similar appropriate name, and which shall be maintained intact for the term of two years from the closing date hereunder, except as to withdrawals from said fund made by the Seller in order to enable Seller to fulfill his obligations under said subparagraph. Seller agrees to devote all or any part of said sum to the fulfillment of any of his obligations to the Buyer or the Company which may hereafter from time to time arise under the terms of said subparagraph."

The obligations, referred to in the paragraph quoted next above, related to pos-

sible liabilities for income taxes and other liabilities of the Suburban Water Company which might not be disclosed on the balance sheet at the time the agreement for the sale of the stock was carried out.

On May 27, 1929, the stock of the company was sold pursuant to the agreement. Out of the purchase price, "the seller" (the taxpayer) forthwith deducted $50,000 and deposited that sum in an account for "Blaine L. Stoner—Suburban Water Company Indemnity Account." After deducting the $50,000, the taxpayer paid the expenses of the transaction and distributed the residue of the purchase price to the former shareholders of the company in proportion to their interests. The taxpayer reported in his income tax return for 1929, as gain, the difference between the cost of the shares which he himself had owned and the proportionate interest which he had in the purchase price.

On June 1, 1931, the taxpayer withdrew the sum of $50,000 in the special indemnity account. The deposit was intact, since no liabilities of the company had appeared in the period of two years after the sale was completed. He paid the pro rata shares in the sum to those entitled to it by reason of their holdings in the company and received $13,-695.04 and interest as his share. He reported that as income in his return for 1931.

The Commissioner and the Board of Tax Appeals determined that the taxpayer's share of the indemnity fund was income to him for the year 1929 and assessed a deficiency in his tax for that year. The gist of the decision of the board is stated in this excerpt from its decision that "the taxpayer in this case did actually receive compensation in full and was required to provide an indemnity fund after receipt of full compensation."

This is a close case, but we are of the opinion that it is a proper place to draw a line. The board conceived this to be a case where those who sold the stock received the purchase price in full, and with no restrictions on their rights to use the full amount as they saw fit, and that the deposit was a reserve for contingent liabilities set up from the seller's own assets. Vang v. Lewellyn, 35 F.(2d) 283 (C. C. A. 3); Lucas v. Amer-

ican Code Company, 280 U. S. 445, 50 S. Ct. 202, 74 L. Ed. 538, 67 A. L. R. 1010.

Section 42 of the Revenue Act of 1928 (26 USCA § 2142) provides that all items of gross income shall be included therein for the taxable year in which received by the taxpayer.

Generally speaking, the Income Tax Law is concerned only with realized gains. Lucas v. American Code Company, supra. There was no receipt of his share of the fund by the taxpayer in 1929 as realized gain. He was acting in a fiduciary capacity for the group of shareholders in the Suburban Company, among whom he himself was one. He received the purchase price in that capacity and under the terms of the contract whereby it was received, he agreed as "Seller," to deduct the $50,000 fund, deposit it in a special account, and maintain it intact for two years except for such withdrawals as were necessary to carry out the purposes of indemnification. Thus, Stoner, as an individual taxpayer, did not receive his share of the fund until 1931, or have any right to it, any more than the several other shareholders of the Suburban Company represented by him. There could be no realized gain in the fund by any of the shareholders until 1931. It is true that the fund was in the nature of a reserve to indemnify the buyer of the stock, but it was not a reserve set up from assets reduced to the possession and control of the shareholders as in the case of Lucas v. American Code Company, supra. The taxpayer received the fund of $50,000 as a fiduciary. He was to become entitled to a part of it in proportion to the stock he had owned; but he had in 1929 only qualified possession and control of the whole fund and was not entitled to apportion and take his share until 1931, when the terms of the contract were fulfilled.

It was then and not until then that he received the $13,965.04, his share and the interest thereon, of the fund. Contrary to the board, we are of the opinion that the principle of Commissioner v. Cleveland Trinidad Paving Company, 62 F.(2d) 85 (C. C. A. 6) should be extended to the facts of this case. It was held in that case that a portion of the consideration for a completed contract retained by the obligee for con-

tingencies arising from possible breaches of the contract then undetermined is not taxable to the obligor until paid. There is no substantial difference between the position of the taxpayer in retaining the fund in a fiduciary capacity, acting for himself and others, and that of a purchaser of stock, in retaining a part of the purchase price to guarantee payment of possible obligations.

The order of redetermination of the board is reversed.